**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1019n.06

No. 13-1206

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,     )
     )
     Plaintiff-Appellee,     )
     )
v.     )
     )   ON APPEAL FROM THE
ANTHONY THOMAS,     )   UNITED STATES DISTRICT
     )   COURT FOR THE WESTERN
     Defendant-Appellant.     )   DISTRICT OF MICHIGAN
     )

**FILED**
Dec 05, 2013
DEBORAH S. HUNT, Clerk

BEFORE:  BOGGS and ROGERS, Circuit Judges; STEEH, District Judge.[*]

PER CURIAM.  Anthony Thomas, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to charges of possession of a firearm by a felon and possession with intent to distribute heroin.

Thomas was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).  This resulted in a guidelines sentencing range of 188 to 235 months of imprisonment.  Without the ACCA, his sentencing range would have been 57 to 71 months.  Thomas argued below that his conviction of fleeing and eluding was not a crime of violence and that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which defines a violent felony as one that

---

[*]The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

"involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. The district court rejected these arguments and sentenced Thomas to 188 months of imprisonment. Thomas repeats his arguments on appeal.

We review de novo a district court's determination that a defendant is an armed career criminal. *United States v. Doyle*, 678 F.3d 429, 431 (6th Cir.), *cert. denied,* 133 S. Ct. 456 (2012). The district court's conclusion was in conformity with precedent from both the Supreme Court and this circuit. *See Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011) (holding that vehicle flight is a violent felony for purposes of the ACCA); *United States v. Young*, 580 F.3d 373, 377, 381 (6th Cir. 2009) (holding that the Michigan offense of fleeing and eluding is a violent felony for purposes of the ACCA).

We also review de novo a challenge to the constitutionality of a statute. *United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010). Again, the district court's conclusion that the residual clause is not unconstitutionally vague comports with precedent of the Supreme Court and this circuit. *See Sykes*, 131 S. Ct. at 2277 (holding that the ACCA provides guidance that allows a person to conform his conduct to the law); *James v. United States*, 550 U.S. 192, 210 n.6 (2007); *United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012).

Accordingly, we affirm the district court's judgment.